Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| JUNE 2014 | **000605** |
| E-Filing Number: 1406009271 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JAMES HUGHES | UNITED PARCEL SERVICE, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1016 BROOKWOOD LANE<br>GLENOLDEN PA 19036 | 15 OREGON AVENUE<br>PHILADELPHIA PA 19148 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MELISSA HUGHES | INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL NUMBER 623 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1016 BROOKWOOD LANE<br>GLENOLDEN PA 19036 | 4369 RICHMOND AVENUE<br>PHILADELPHIA PA 19137 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOHN L. HUGHES | RECEIVED JUN 17 2014 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 717 HARTEL AVENUE<br>PHILADELPHIA PA 19111 | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 4 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 10 - CONTRACTS OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES       NO |
|---|---|---|
| | FILED<br>PRO PROTHY<br><br>JUN 04 2014<br><br>K. EDWARDS | |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JAMES HUGHES , MELISSA HUGHES ,
JOHN L HUGHES , BEVERLY HUGHES
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MATTHEW B. WEISBERG | WEISBERG LAW, PC<br>7 S MORTON AVE<br>MORTON PA 19070 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (610)690-0801 | (610)690-0880 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 85570 | mweisberg@weisberglawoffices.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| MATTHEW WEISBERG | Wednesday, June 04, 2014, 04:20 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF PLAINTIFFS:

1. BEVERLY HUGHES
   717 HARTEL AVENUE
   PHILADELPHIA PA 19111
2. JOHN L. HUGHES
   717 HARTEL AVENUE
   PHILADELPHIA PA 19111
3. MELISSA HUGHES
   1016 BROOKWOOD LANE
   GLENOLDEN PA 19036
4. JAMES HUGHES
   1016 BROOKWOOD LANE
   GLENOLDEN PA 19036

THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES REQUIRED

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No.: 85570
Graham F. Baird, Esq.
Attorney ID No.: 92692
7 South Morton Ave.
Morton, PA 19070
610-690-0801
(610) 690-0880 – Fax

Attorneys for Plaintiff

| | | |
|---|---|---|
| James Hughes and Melissa Hughes,<br>Individually & as h/w<br>1016 Brookwood Lane<br>Glenolden, PA 19036 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| and | : | |
| John K. Hughes and Beverly Hughes,<br>Individually & as h/w<br>717 Hartel Avenue<br>Philadelphia, PA 19111 | : | June Term, 2014 |
| Plaintiffs, | : | |
| v. | : | |
| United Parcel Service, Inc.<br>15 Oregon Avenue<br>Philadelphia, PA 19148 | : | NO.: |
| and | : | |
| International Brotherhood of Teamsters,<br>Local Number 623<br>4369 Richmond Avenue<br>Philadelphia, PA 19137 | : | **Jury of Twelve (12) Jurors Demanded** |
| Defendants. | : | |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de |

Case ID: 140600605

twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
One Reading Center
11th & Market Streets
Philadelphia, PA 19107
215-238-6333

plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO.

SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.

Philadelphia Bar Association
One Reading Center
11th & Market Streets
Philadelphia, PA 19107
215-238-6333

THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES REQUIRED

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No.: 85570
Graham F. Baird, Esq.
Attorney ID No.: 92692
7 South Morton Ave.
Morton, PA  19070
610-690-0801
(610) 690-0880 – Fax

Attorneys for Plaintiff

| | | |
|---|---|---|
| James Hughes and Melissa Hughes, Individually & as h/w 1016 Brookwood Lane Glenolden, PA 19036 | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| and | : | |
| John K. Hughes and Beverly Hughes, Individually & as h/w 717 Hartel Avenue Philadelphia, PA 19111 | : | June Term, 2014 |
| Plaintiffs, | : | |
| v. | : | |
| United Parcel Service, Inc. 15 Oregon Avenue Philadelphia, PA 19148 | : | NO.: |
| and | : | |
| International Brotherhood of Teamsters, Local Number 623 4369 Richmond Avenue Philadelphia, PA 19137 | : | **Jury of Twelve (12) Jurors Demanded** |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

## I.    Introduction

Plaintiffs, drivers for Defendant, UPS, Inc. and members of Defendant, Teamsters, bring this action against Defendants to recover wages earned by Plaintiffs during the course of their employment but not paid by Defendants contrary to the collective bargaining agreement and contrary to the Pennsylvania Wage and Payment Collection Law, 43 P.S. § 260, et seq.

## II.    Parties

1.    Plaintiff s, James and Melissa Hughes are adult individuals, are husband and wife, residing at the above captioned address.

2.    Plaintiffs John and Beverly Hughes are adult individuals, are husband and wife, residing at the above captioned address.

3.    Defendant, United Parcel Service, Inc. ("UPS") is a corporation duly organized and existing under the laws of the State of Delaware, doing business in the Commonwealth of Pennsylvania with a principal place of business located at the above-captioned address.

4.    Defendant, International Brotherhood of Teamsters, Local Number 623 ("Teamsters") is an international labor union with a principal place of business located at the above-captioned address.

5.    At all times material, Plaintiffs were both employed by Defendant, UPS.

6.    At all times material, Plaintiffs were both members of the Teamsters for purposes of employment with UPS.

## III.    Facts

7.    In or around 2002, Plaintiffs both became employed by UPS as part-time air drivers.

8.    As a condition of the employment, the Plaintiffs also both joined the Teamsters.

Case ID: 140600605

9.   Soon after becoming part time air drivers, Plaintiffs both applied for full-time employment with UPS; due to the seniority system in place with the Teamsters, Plaintiffs were unable to obtain full time employment.

10.   In or around January of 2012, both Plaintiffs were notified by the Defendants that there were full-time employment positions opening with Defendants.

11.   By that time, Plaintiffs were working continuously for Defendants for 12 years – their rate of pay was approximately $23.70/hour.

12.   Plaintiffs inquired with William Morris, President of Defendant Teamsters, and William Shanahan, member of the executive board of Defendant Teamsters, to determine whether there would be a pay rate change associated with the new full time positions.

13.   Plaintiffs were informed by both Morris and Shanahan that their pay rate of $23.70/hour would not change if Plaintiffs applied for and were hired for employment as full-time air drivers.

14.   Based on these representations, the collective bargaining agreement, and the job descriptions for the full-time positions, Plaintiffs applied for and were hired by Defendant, UPS for full time employment as an air driver.

15.   Immediately upon accepting bids for the new full time positions, Plaintiffs' rate of pay was drastically cut to $13.50/hour.

16.   Plaintiffs only discovered this pay rate change upon receipt of their first paycheck in the new position.

17.   Despite their reasonable reliance upon the Defendants' representations, Plaintiffs' pay rate was cut and their seniority eliminated.

18.   At all times material hereto, the job duties for the full time position was not materially different from the part-time positions for which Plaintiffs were employed for 12 years.

19.   As a result of the foregoing, Plaintiffs have been financially and emotionally harmed.

## COUNT I
## BREACH OF CONTRACT

20.    The foregoing paragraphs are fully incorporated herein as though set forth at length.

21.    At all times material, Plaintiffs employment with Defendants was subject to a collective bargaining agreement.  [In possession of Defendants].

22.    Plaintiffs should have been paid at a rate of $23.70/hour – instead of $13.50/hour, pursuant to the CBA.

23.    Defendants breached the CBA by paying Plaintiffs at a rate of $23.70/hour, instead of $13.50/hour.

24.    Further, Defendants breached the covenant of good faith and fair dealing.

25.    As a result of Defendants' breaches of the CBA and the covenant of good faith and fair dealing, Plaintiffs sustained significant economic loss and emotional distress.

WHEREFORE, Plaintiffs demand judgment against Defendants, their agents, servants, workmen and employees, individually, jointly and/or severally, in an amount in excess of fifty thousand ($50, 000.00) dollars, statutory, punitive, and compensatory damages, injunctive relief, together with interests and costs and other such and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT II
## PENNSYLVANIA WAGE AND PAYMENT COLLECTION LAW
### 43 P.S. § 260, et seq.

26.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth at length herein.

27.    At all times material, Plaintiffs were employed by Defendants, as defined within the Act.

28.    The foregoing conduct by Defendants constitutes a violation of the Pennsylvania Wage and Payment Collection Law, 43 P.S. § 260, et seq.

WHEREFORE, Plaintiffs demand judgment against Defendants, their agents, servants, workmen and employees, individually, jointly and/or severally, in an amount in excess of fifty thousand ($50, 000.00) dollars, statutory, punitive, and compensatory damages, injunctive relief, together with interests and costs and other such and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

Plaintiffs additionally pray to be compensated with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had they not been subjected to the aforesaid, including but not limited to, an award of front, back and lost pay, compensatory damages for future pecuniary loss, and for such other and further relief as this Honorable Court deems just and proper.

## COUNT III
### UNJUST ENRICHMENT

29.     Plaintiffs incorporate the paragraphs ABOVE as if fully set forth at length herein.

30.     As set forth above, Defendants were conferred the benefit of Plaintiff's labor without paying for it.

31.     Defendants appreciated the benefits conferred by Plaintiffs.

32.     Defendants' acceptance and retention of these benefits under the aforementioned circumstances would be inequitable.

WHEREFORE, Plaintiffs demand judgment against Defendants, their agents, servants, workmen and employees, individually, jointly and/or severally, in an amount in excess of fifty thousand ($50, 000.00) dollars, statutory, punitive, and compensatory damages, injunctive relief, together with interests and costs and other such and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT IV
## LOSS OF CONSORTIUM
### (Melissa Hughes and Beverly Hughes v. Defendants)

33.     Plaintiffs incorporate the paragraphs above as if fully set forth at length herein.

34.     As a result of Defendants' conduct, Plaintiffs Melissa Hughes and Beverly Hughes have lost the companionship, society and services of their husbands, James Hughes and John Hughes, to their great personal detriment and loss.

WHEREFORE, Plaintiffs demand judgment against Defendants, their agents, servants, workmen and employees, individually, jointly and/or severally, in an amount in excess of fifty thousand ($50, 000.00) dollars, statutory, punitive, and compensatory damages, injunctive relief, together with interests and costs and other such and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT V
## CLAIM PURSUANT TO FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 et seq.

35.     Plaintiffs incorporate the paragraphs above as if fully set forth at length herein.

36.     At all times material, Defendants employed Plaintiffs.

37.     At all times material, the work Plaintiff performed for Defendant was engaged in commerce and/or the production of goods in commerce.

38.     As set forth above, Defendants failed to pay Plaintiff's wages as required by law.

WHEREFORE, Plaintiffs demand judgment against Defendants, their agents, servants, workmen and employees, individually, jointly and/or severally, in an amount in excess of fifty thousand ($50, 000.00) dollars, statutory, punitive, and compensatory damages, injunctive relief, together with interests and costs and other such and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg. Esquire
Graham F. Baird; Esquire
Attorneys for Plaintiffs



## VERIFICATION

The facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. The language of this pleading is that of counsel and not of signer. This verification is made subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

_____
Signature

Matthew B. Weisberg
Print name

Attorney for Plaintiff
TITLE

Date: 6|4|14

Case ID: 140600605